Ortiz v City of New York (2019 NY Slip Op 03062)





Ortiz v City of New York


2019 NY Slip Op 03062


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-01910
 (Index No. 14933/14)

[*1]Daniel Ortiz, appellant,
v
City of New York, et al., respondents, et al., defendant.


Thomas D. Wilson, P.C., Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Fay Ng of counsel), for respondents City of New York, Comptroller of the City of New York, and New York City Fire Department.
Gottlieb Siegel & Schwartz, LLP, New York, NY (Daniel J. Goodstadt of counsel), for defendant Prestige Elevator, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated January 20, 2017. The order, insofar as appealed from, granted the motion of the defendants City of New York, Comptroller of the City of New York, and New York City Fire Department pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them, or alternatively, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs payable to the defendants City of New York, Comptroller of the City of New York, and New York City Fire Department by the plaintiff.
On July 23, 2014, the plaintiff was in a moving elevator in the Brooklyn Tabernacle when the elevator came to a stop. After the New York City Fire Department responded to a 911 call regarding the elevator, the elevator dropped suddenly, without warning. The elevator then came to an abrupt stop, allegedly injuring the plaintiff's knee. The plaintiff commenced this personal injury action against the City of New York, Comptroller of the City of New York, New York City Fire Department (hereinafter collectively the City defendants), Brooklyn Tabernacle, and Prestige Elevator, Inc. (hereinafter Prestige), the elevator maintenance company.
The City defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them, or alternatively, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, granted the City defendants' motion. The plaintiff appeals. Prestige has filed a brief in support of the plaintiff's position that the Supreme Court should have denied the City defendants' motion.
When a plaintiff commences a negligence action against a municipality, "a court must [first] decide whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Wittorf v City of New York, 23 NY3d 473, 478-[*2]479 [internal quotation marks omitted]). "If the municipality's actions fall on the proprietary side, it is subject to suit under the ordinary rules of negligence applicable to nongovernmental parties" (id. at 479 [internal quotation marks omitted]). "If it is determined that a municipality was exercising a governmental function, the next inquiry focuses on the extent to which the municipality owed a special duty' to the injured party" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 426). "The core principle is that to sustain liability against a municipality, the duty breached must be more than that owed the public generally" (id. at 426 [internal quotation marks omitted]). "It is the plaintiff's obligation to prove that the government defendant owed a special duty of care to the injured party because duty is an essential element of the negligence claim itself" (id.). "In situations where the plaintiff fails to meet this burden, the analysis ends and liability may not be imputed to the municipality that acted in a governmental capacity" (id.). If a plaintiff "cannot overcome the threshold burden of demonstrating that defendant owed the requisite duty of care, there will be no occasion to address whether defendant can avoid liability by relying on the governmental function immunity defense" (Valdez v City of New York, 18 NY3d 69, 80). The special duty rule "operates independently of the governmental function immunity defense, which precludes liability even when all elements of a negligence claim—including duty—have been proved" (id. at 77).
Here, the City defendants were acting in a governmental capacity when the plaintiff was injured during the firefighters' rescue operation (see Kadymir v New York City Tr. Auth., 55 AD3d 549, 552). The inquiry then turns to whether the City defendants owed the plaintiff a special duty (see Applewhite v Accuhealth, Inc., 21 NY3d at 426). Contrary to the plaintiff's contention that no special duty was required, a special duty was "an essential element of the negligence claim itself" (id.). Because the plaintiff concedes that the City defendants owed him no special duty of care, "the analysis ends and liability may not be imputed to the" City defendants (id.). Furthermore, because the plaintiff "cannot overcome the threshold burden" regarding a special duty, we have "no occasion to address" the plaintiff's argument that the City defendants were not entitled to a defense of governmental function immunity (Valdez v City of New York, 18 NY3d at 80).
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court